UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROSENA PERKINS TUCKER,**

      Plaintiff,

v.                                                                                                 Case No: 6:22-cv-876-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion"), filed February 20, 2023. (Doc. 24.) Therein, Plaintiff seeks an award of $6,362.81 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*Id.* at 1.) The Commissioner has no objection to the requested relief. (*Id.* at 3.) Upon consideration, the Motion is due to be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), who denied Plaintiff Social Security benefits. (Doc. 1.) The Commissioner filed an unopposed motion to remand the case, which the Court granted. (Docs. 19, 21.) Thereafter, Plaintiff filed the instant Motion. (Doc. 24.) Plaintiff attaches a schedule of the attorney's billable hours to support the application

(Doc. 24-2) and a copy of the Assignment of EAJA fees, which assigns her EAJA fees to her counsel, Shea A. Fugate. (Doc. 24-3.)

## II.     DISCUSSION

### A. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees, and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fee award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States, (2) the government's position was not substantially justified, (3) the claimant filed a timely application for attorney's fees, (4) the claimant had a net worth of less than $2 million when the complaint was filed, and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed

---

[1] A "sentence-four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 666. Therefore, Plaintiff has ninety (90) days from the date of the entry of judgment to file an application for EAJA fees. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672. The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any preexisting debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Docs. 19, 21.) Further, the request for fees is timely since it was filed within 90 days from entry of the final judgment by the Clerk. (Doc. 24); *Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. 2018). Additionally, Plaintiff avers that her net worth was less than two million dollars at the time of the filing of the Complaint and that the Commissioner's position was not substantially justified. (Doc. 24.) Further, the Court is not aware of any special circumstances that

would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

### B. Reasonableness of the Fee

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd*, 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill, experience, and reputation" in the area. *Id.* Second, the court evaluates the cost-

of-living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-cv-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1304 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009).

Plaintiff's counsel expended 26.3 hours in 2022 and 1.0 hour in 2023, for a total of 27.3 hours in EAJA-related representation in this case. (Doc. 24-2.) After reviewing a description of the activities performed in relation to this matter, the Court determines that 27.3 hours is reasonable in this case. The majority of the time was spent preparing Plaintiff's Memorandum in Support of Plaintiff's Positions (Doc. 17) (22.5 hours). (Doc. 24-2.) Plaintiff's counsel spent the remaining hours reviewing docket activity, reviewing and consenting to the motion for remand, and drafting the instant Motion. (*Id.*) None of these activities appear to be clerical, secretarial, or excludable as unnecessary.

With regard to the hourly rate, Plaintiff is requesting an award of $233.07 per hour. (Doc. 24 at 1.) Based on the Court's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience, and reputation in the Orlando area exceeds $125 per hour. Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel performed her work on this case justifies an upward adjustment from $125. However, the rates proposed by Plaintiff do not appear to be appropriate.

The Court finds that using the CPI for the Southern region of the United States most accurately reflects the increase in the cost of living in the Orlando area. *See Zapata-Reyes v. Comm'r*, No. 6:18-cv-976, Doc. 29 at 5–6; *Alzamora v. Comm'r*, No. 6:18-cv-618, Doc. 28 at 5–6. Since Plaintiff's counsel performed work in this case in 2022 and 2023, the Court will use the average CPI from each year in calculating the appropriate hourly rate. According to the United States Department of Labor, the 1996 average CPI for all urban consumers in the Southern region was 153.6, in 2022 it was 283.704, and 2023 it was 291.362.[2] Accordingly, the adjusted hourly rates should be $230.88 for 2022 and $237.11 for 2023. Thus, the amount of attorney fees Plaintiff is entitled to is $6,309.23.

---

[2] The Court calculated the CPI for 2023 by taking an average of the CPI from January 2023 and February 2023.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Unopposed Motion for Award of Attorney Fees (Doc. 24) is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff is entitled to an award of attorney fees in the amount of $6,309.23.

**DONE** and **ORDERED** in Orlando, Florida on March 31, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE